IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FT. SMITH DIVISION

JOSHUA WILLIAMS                                                    PLAINTIFF

V.                                         NO. 12-2209

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Joshua Williams, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed his applications for DIB and SSI on July 1, 2010, alleging an inability to

work since January 1, 2003, due to being "Blind in left eye." (Tr. 128-129, 135-138, 171, 175).

An administrative hearing was held on April 8, 2011, at which Plaintiff appeared with counsel

and testified. (Tr. 22-47).

By written decision dated May 9, 2011, the ALJ found that Plaintiff had an impairment

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

or combination of impairments that were severe - blind in left eye. (Tr. 9). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 10). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: reading should only occasionally be required, there should be no exposure to hazards of dangerous machinery; driving should not be required as a part of work; and the climbing of ladders, ropes, or scaffolds should not be required.

(Tr. 10).  With the help of the vocational expert (VE), the ALJ determined that Plaintiff had no past relevant work, and that there were jobs that Plaintiff would be able to perform - dishwasher/kitchen helper, bagger/sacker-retail, and childcare attendant at school.  (Tr. 14).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on August 23, 2012. (Tr. 1-3).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

-2-

AO72A
(Rev. 8/82)

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

-3-

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.  Discussion:

Plaintiff raises the following issues on appeal:  1) The ALJ erred by assessing an RFC where there is no treating, no examining, and no non-examining physician comment on Plaintiff's ability to function in the workplace.; 2) The ALJ erred by failing to properly consider Plaintiff's headaches and failing to fully and fairly develop the record with regard to Plaintiff's headaches. (Doc. 13).

### A.     RFC Determination:

RFC is the most a person can do despite that person's limitations.   20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir.

-4-

2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In this case, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels, with certain limitations. (Tr. 10).  The transcript in this case contains records beginning in 2005 of Plaintiff's treating physician, Dr. Randy Ennen, of Ennen Eye Center, including a February 18, 2005 record, where Plaintiff reported noticing blurry vision in his left eye. (Tr. 227).  On June 13, 2005, Plaintiff reported to Dr. Ennen that he could not see clearly out of the left eye at all, and Dr. Ennen assessed Plaintiff with increased optic atrophy. (Tr. 227).  An MRI of Plaintiff's orbits and brain with and without contrast was negative. (Tr. 228).  Dr. Ennen next referred Plaintiff to Dr. Andrew W. Lawton, of the Little Rock Eye Clinic. Dr. Lawton wrote a letter to Dr. Ennen dated June 20, 2005, stating that Plaintiff had progressive, severe, left retrobulbar optic neuropathy. (Tr. 241).  Dr. Lawton reported that since the MRI was negative, the next step would be to look for vasculitis, infectious agents, and sarcoidosis. (Tr. 241). Dr. Lawton asked Plaintiff to find a family physician to do a complete physical exam, have blood drawn for different purposes, obtain a chest x-ray and a PPD skin test, and that once the results were received, Dr. Lawton stated he would make further recommendations, based on the tests. (Tr. 241). Dr. Lawton further reported that Plaintiff's visual acuity at distance without correction was 20/20 in the right eye and counting fingers at one foot in the left eye. (Tr. 242). Dr. Lawton diagnosed Plaintiff as follows:

> Retrobulbar optic neuropathy, left eye. The normal MRI would eliminate a compressive etiology. Must consider vasculitis, infectious processes (Lyme, tuberculosis, luetic disease), and sarcoidosis.

(Tr. 242).

AO72A
(Rev. 8/82)

The next medical record in the transcript is dated four years later, November 19, 2009, when Plaintiff went to Dr. Ennen. (Tr. 225). At that session, Plaintiff reported that every day about three or four hours after being awake, his "ou"started hurting behind the eyes and forehead, and that he had taken excedrin, which did not really help. (Tr. 225). Dr. Ennen assessed Plaintiff with optic atrophy of unknown etiology and headaches/pain around forehead eyes "secondary to poss. sinusitis." (Tr. 225).

On July 23, 2010, Dr. Bill F. Payne prepared a Case Analysis, finding that Plaintiff's physical impairments were non-severe at the date last insured and at present. (Tr. 237). This was affirmed by Sharon Keith on August 21, 2010. (Tr. 240).

In his Pain and Other Symptoms report dated July 19, 2010, Plaintiff reported that he had no unusual fatigue and did not need naps, but that he suffered from bad headaches above his eyes. (Tr. 197). He further reported that his pain occurred when he watched television, got on the computer, read, and when there was too much light. (Tr. 197). He did not list taking any medications at that time.

In his Function Report - Adult, dated July 19, 2010, Plaintiff reported that he did chores, went outside, went to a friend's or a family member's house, took care of his daughter, fed her, and played with her. (Tr. 199). He reported that he could do basic housework whenever it needed to be done, walked and rode in a car, and did not drive because it gave him a headache when he drove. (Tr. 201). He reported he went fishing, swimming, and hiking whenever he felt like it, and could walk about 10 miles. (Tr. 202-204). He reported that he had a fear of going completely blind. (Tr. 205).

At the hearing before the ALJ, the Plaintiff testified that his right eye was good, and that

-6-

since 2009, when he had his last examination, he did not think his right eye had gotten any worse at all.  (Tr. 26).  Plaintiff testified that he had bad headaches above his eyes from watching too much television or trying to read or just straining them, and that too much light caused the headaches.  (Tr. 36). He further testified that he was having trouble with depth perception and that his previous employers were complaining or fussing about his work. (Tr. 38). He stated that he had a bad headache at least once or twice a week.

The Court initially notes that although in 2005, Dr. Lawton recommended that Plaintiff pursue further tests and stated that he would make further recommendations based on the tests, the record does not reveal that any such tests were pursued.  In addition, the evidence indicates that Plaintiff waited four years to return to Dr. Ennen.  Failure to seek further treatment between 2005 and 2009 is not consistent with a disabling impairment.  See Hepp v. Astrue, 511 F.3d 798, 807 (8th Cir. 2008);  Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996), citing Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987).

The ALJ also noted that Plaintiff's daily activities were inconsistent with a disabling impairment.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels. The claimant does not allege that his impairment affects his ability to walk, stand, sit, lift, kneel, squat, reach, or bend. He indicated that he is able to walk for "about 10 miles" before needing to rest. (See exhibit 7E/6.) He is able to perform household chores, care for his daughter, prepare meals, go outside daily, and shop in stores. In addition, he is able to perform many leisure activities including fishing, swimming, hiking, and hanging out with friends and family. (See exhibit 7E). Based upon the claimant's admitted capabilities, the undersigned finds that he is capable of work at all exertional levels.

(Tr. 11).  The ALJ further found Plaintiff's credibility to be diminished for various reasons, and

-7-

AO72A
(Rev. 8/82)

gave substantial weight to the Plaintiff's treating physicians and little weight to the state agency opinions. (Tr. 13).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC assessment.

**B.     Plaintiff's Headaches and Whether the ALJ Failed to Fully and Fairly Develop the Record Regarding Plaintiff's Headaches:**

With respect to Plaintiff's allegations of headaches, the only medical record relating to his headaches indicates that on November 19, 2009, Dr. Ennen believed them to be secondary to possible sinusitis. (Tr. 225). No further treatment was sought by Plaintiff for headaches after that. Nor did Plaintiff seek prescription pain medication for his headaches. The lack of treatment for an alleged condition has been found a legally sufficient basis to determine the condition is non-severe. Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007).

In his decision, the ALJ addressed Plaintiff's headaches as follows:

> The claimant also alleges that he suffers from severe headaches. (See hearing notes.) He testified that he will usually lie down in a darken room. The claimant testified that over-the-counter medication (Excedrin) that he has tried was not successful in alleviating his headaches. (See hearing notes.) However, the record indicates that the claimant has not sought treatment for headache pain since 2009, nor dies he take any narcotic based medication for the pain. While the undersigned understands that the claimant may suffer from headache pain, his demonstrated ability to address the pain without prescription medication causes the undersigned to find that the headaches are not severe.

(Tr. 10).

With respect to whether the ALJ fully and fairly developed the record regarding Plaintiff's headaches, at the conclusion of the hearing, the ALJ told Plaintiff's attorney that he did not see anything that made him believe he should order any more testing. (Tr. 43). He

-8-

continued:

> If you want to make an argument for some, certainly you can do that, and I'll consider it, but given the fact that his right eye hasn't gotten any worse since '09, and I understand he's alleging the headaches and so on and so forth. I'm going to take that all into consideration, but I don't see anything that –
>
> ATTY: I don't think we need to send him either. I don't think it will help, Judge. It's just going to re-affirm what we've already got.

(Tr. 43-44).

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 989).

The Court finds that the existing medical sources contained sufficient evidence for the

AO72A
(Rev. 8/82)

ALJ to make a determination regarding Plaintiff's headaches.  Accordingly, the Court finds there is substantial evidence to support the fact that the ALJ did not fail to fully and fairly develop the record with respect to Plaintiff's headaches.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 9th day of September, 2013.

/s/ *Erin L. Setser*
_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-